Fred J. Munder, J.
This is an action to recover for personal injuries suffered as the result of a fall allegedly due to the negligence of the defendants in knowingly permitting an unsafe and dangerous condition to exist upon their premises.
The plaintiff, an elderly woman, upon leaving the home of one of her daughters (a defendant in this action) to whom she had just paid a visit, tripped and fell on a sidewalk connecting the front and rear of the premises. As a consequence she suffered a fracture of the hip which has resulted in a permanent disability. The accident took place at approximately 3:00 p.m. on September 13, 1955.
The plaintiff testified that she caught her foot in the loop of a chain attached to a small gate, adjacent to some bushes, which served to close off the rear portion of the premises. The end of the loop, she asserted, was lying on the ground and was wholly concealed by leaves.
Her other daughter testified to the existence of the gate which she said was about three and one-half feet high with a foot long chain, one end of which was attached to the gate and.the other end suspended from the middle of the gate at a height of about one and one-half feet.
The defendant, Norma Cohen, who had rushed to the aid of her mother upon hearing her scream, testified that her mother made no mention of the chain until a day or two later. In a signed statement, given to an insurance investigator in November following the accident, she said: “ I asked her what happened and she said she became dizzy ’ ’.
There is no claim here that there was any defect in the sidewalk.
Even if we are to ignore the inconsistent testimony of the daughters and assume the condition to which the plaintiff testified existed, and conclude that it was a trap or concealed danger of which the defendants were required to warn her, the record is devoid of proof that the defendants knew of such condition.
*864 An owner may be held liable for injuries sustained by a guest as the result of a concealed danger on the premises only if it can be shown that he knew of such condition, realized it involved an unreasonable risk and had reason to believe that the guest would not discover the condition or realize the risk. (Attler v. Attler, 149 N. Y. S. 2d 417, affd. 2 A D 2d 959.)
Under the circumstances herein presented I find no actionable negligence on the part of these defendants.
The complaint is therefore dismissed.
This shall constitute the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment accordingly.